**McKee Nelson LLP**

Scott E. Eckas
seckas@mckeenelson.com
Direct Telephone 917.777.4343
Direct Facsimile 917.591.3047

Correspondence from:
› NEW YORK, NY

ONE BATTERY PARK PLAZA
34TH FLOOR
NEW YORK, NY 10004
Telephone 917.777.4200
Facsimile 917.777.4299

WASHINGTON, DC

1919 M STREET, NW
SUITE 200
WASHINGTON, DC 20036
Telephone 202.775.1880
Facsimile 202.775.8586

August 15, 2008

**VIA EMAIL**

Honorable Paul A. Crotty
United States District Court Judge
Daniel Patrick Moynihan United States Courthouse
500 Pearl Street, Room 735
New York, NY 10007

```
USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: AUG 1 8 2008
```

**MEMO ENDORSED**

Re: New Jersey Carpenters Health Fund v. Home Equity Mortgage Trust, Series 2006-5, et al., No. 08-cv-5653 (PAC)

Dear Judge Crotty:

We represent Defendants Credit Suisse First Boston Mortgage Securities Corporation, Andrew A. Kimura, Thomas Zingalli, Jeffrey A. Altabef, Michael A. Marriott, Evelyn Echevarria and Credit Suisse Securities (USA), LLC, and, with permission of counsel, write on behalf of all parties in the above-referenced action. Pursuant to Your Honor's request at the Pre-Motion Conference on August 7, 2008, we are writing to set forth the parties' position on whether Your Honor may preside over this case in light of Your Honor's prior relationship with the law firm Satterlee Stephens Burke & Burke LLP ("Satterlee"), which is counsel for Defendant Moody's Investors Service, Inc. in this action.

The judicial recusal statute, 28 U.S.C. § 455, requires recusal under certain enumerated proscribed circumstances, see § 455(b)(1)-(5), and, as provided in § 455(a), "in any proceeding in which [a judge's] impartiality might reasonably be questioned." There is no indication that any of the enumerated proscribed circumstances apply in this action. Accordingly, the only question is whether Your Honor's relationship with Satterlee requires recusal under § 455(a), which essentially incorporates an objective "appearance of impropriety" standard. See e.g., Local 38 RWDSU v. Trade Fair Supermarkets, 455 F. Supp. 2d 143, 144 (E.D.N.Y. 2006).

Your Honor advised the parties that Your Honor's last contact with Satterlee was approximately three years ago, with a trusts and estates attorney uninvolved with the instant litigation. Under these circumstances, all parties agree that recusal is not warranted under § 455(a). See U.S. v. West Productions, Ltd., No. 95 Civ. 1424, 2003 WL 328307 (S.D.N.Y. Feb. 13, 2003) (holding that recusal of judge was not required even though law firm represented judge in personal trusts and estates matter at the same time that law firm represented party in litigation before judge); see also In re Martin-Trigona, 760 F.2d 1334 (2d Cir. 1985) (affirming

McKee Nelson LLP
Attorneys at Law

www.mckeenelson.com

Honorable Paul A. Crotty
August 15, 2008
Page 2

denial of motion for recusal of district court judge where judge was represented by law firm in personal matter and same law firm had formerly represented party in litigation pending before judge).

Respectfully submitted,

*Scott E. Eckas* /mk

Scott E. Eckas

cc: All Counsel of Record

The Court will not recuse.

SO ORDERED: AUG 1 8 2008

HON. PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE