**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

NEW JERSEY CARPENTERS HEALTH FUND, *on Behalf of Itself and All Others Similarly Situated*,

        Plaintiff,

v.

DLJ MORTGAGE CAPITAL, INC., CREDIT SUISSE MANAGEMENT, LLC f/k/a CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORPORATION, ANDREW A. KIMURA, THOMAS ZINGALLI, JEFFREY A. ALTABEF, MICHAEL A. MARRIOTT, EVELYN ECHEVARRIA and CREDIT SUISSE SECURITIES (USA), LLC,

        Defendants.

---

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: May 10, 2016

Case No.: 08-CV-5653 (PAC)

## [~~PROPOSED~~] FINAL ORDER AND JUDGMENT

This matter came for hearing on May 10, 2016 (the "Final Approval Hearing"), on the application of lead plaintiff New Jersey Carpenters Health Fund ("Lead Plaintiff") to determine whether the terms and conditions of the Stipulation and Agreement of Settlement (the "Stipulation" or "Settlement") are fair, reasonable, adequate and in the best interest of the Settlement Class Members for the settlement of all claims by Lead Plaintiff on behalf of itself and the Settlement Class (as defined below), against defendants Credit Suisse First Boston Mortgage Securities Corporation, Andrew A. Kimura, Thomas Zingalli, Jeffrey A. Altabef, Michael A. Marriott, Evelyn Echevarria, and Credit Suisse Securities (USA) LLC, in the above-captioned Action, and should be approved; and whether judgment should be entered dismissing the Action on the merits and with prejudice in favor of the Defendants[1] and as against all

---

[1] As set forth in the Stipulation, by Order dated April 28, 2015, DLJ Mortgage Capital, Inc. was

1

persons or entities who are members of the Settlement Class herein who have not requested exclusion therefrom, and releasing the Released Claims.

Due and adequate notice having been given to the Settlement Class as provided in the Preliminary Approval Order, and the Court having considered all papers filed and proceedings held in this Action and otherwise being fully informed of the matters herein and good cause appearing therefore,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that:

1. This Order and Final Judgment hereby incorporates and makes a part hereof the Stipulation and incorporates by reference the definitions in the Stipulation. All capitalized terms, unless otherwise defined herein, shall have the same meanings as set forth in the Stipulation.

2. This Court has jurisdiction to enter this Order and Final Judgment. The Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Settlement Class Members.

3. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby certifies, for purposes of the Settlement only, a "Settlement Class" consisting of: all Persons who (1) purchased or otherwise acquired an interest in any Certificates in Home Equity Mortgage Trust ("HEMT") 2006-5 on or before June 3, 2008; or (2) purchased or otherwise acquired an interest in any Certificates in HEMT 2006-4, HEMT 2006-6, or HEMT 2007-2 on or before March 23, 2009, but excluding: (i) Persons timely and validly requesting exclusion from the class pursuant to and in accordance with the Preliminary Approval Order or who previously released Securities Act claims against any of the Defendants relating to HEMT 2006-4, HEMT 2006-5, HEMT 2006-6 or HEMT 2007-2; and (ii) any of the Defendants in the Action, their

---

dismissed as a defendant in the Action.

officers and directors at all relevant times, members of their immediate families, and their legal representatives, heirs, successors or assigns and any entity in which any Defendant has or had a controlling interest, except for any Investment Vehicle, to the extent such entities themselves had a propriety (*i.e.* for their own account) interest in the Certificates.

4. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and solely for the purposes of the Settlement, Lead Plaintiff New Jersey Carpenters Health Fund is appointed as Class Representative of the Settlement Class, and the law firm of Cohen Milstein Sellers & Toll PLLC ("Lead Counsel") is appointed as counsel for the Settlement Class.

5. With respect to the Settlement Class, this Court finds, solely for the purposes of the Settlement, that: (a) the members of the Settlement Class are so numerous that joinder of all Settlement Class Members in the Action is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Class Representative are typical of the claims of the Settlement Class; (d) Class Representative and Lead Counsel have and will fairly and adequately represent and protect the interests of the Settlement Class Members; (e) the questions of law and fact common to the Settlement Class Members predominate over any questions affecting only individual members; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the controversy, considering: (i) the interests of the Settlement Class Members in individually controlling the prosecution of separate actions; (ii) the extent and nature of any litigation concerning the controversy already commenced by Settlement Class Members; and (iii) the desirability or undesirability of concentrating the litigation of these claims in this particular forum.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement, and finds that the Settlement is, in all respects, fair, reasonable and adequate, and in the best interests of the Settlement Class Members. This Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Settling Parties. Accordingly, the Settlement is hereby approved

in all respects and shall be consummated in accordance with the terms and provisions therein. The Settling Parties are hereby directed to perform the Settlement's terms.

7.  The distribution of the Notice and the publication of the Summary Notice as provided for in the Preliminary Approval Order (the "Notices") constituted the best notice practicable under the circumstances, including individual notice to all Settlement Class Members who could be identified with reasonable effort. Said Notices provided the best notice practicable under the circumstances of those proceedings and of the matters set forth therein, including the proposed Settlement, to all Persons and entities entitled to such notice, and said notice fully satisfied the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and any other applicable law, including the Private Securities Litigation Reform Act of 1995. A full and fair opportunity was accorded to all Settlement Class Members to be heard with respect to the Settlement. Thus, it is hereby determined that all members of the Settlement Class, other than those Persons and entities who validly and timely requested exclusion from the Settlement Class as listed in Exhibit 1 hereto, are bound by this Order and Final Judgment.

8.  Except as to the individual claims of those Persons who have validly and timely requested exclusion from the Settlement Class (identified in Exhibit 1 attached hereto), the Action and all claims contained therein are hereby dismissed on the merits with prejudice as to Lead Plaintiff and the Settlement Class Members. The parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.  Upon the Effective Date, Lead Plaintiff and all other Settlement Class Members, on behalf of themselves and any of their respective personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, predecessors, successors and assigns, shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed all Released Claims against all Released Parties, with prejudice and on the merits, without costs to any party, whether or not such Lead Plaintiff or Settlement Class Member executes and delivers a Proof of Claim Form.

4

Lead Plaintiff acknowledges, and the Settlement Class Members shall be deemed by operation of law to acknowledge, that the waiver of Unknown Claims, and of the provisions, rights and benefits of § 1542 of the California Civil Code (and any other similar provision of law of any other jurisdiction), was bargained for and is a key element of the Settlement of which the release in this paragraph is a part.

10.     Upon the Effective Date, Lead Plaintiff and all other Settlement Class Members, on behalf of themselves and any of their respective personal representatives, spouses, domestic partners, trustees, heirs, executors, administrators, successors, predecessors and assigns, are forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute any action or proceeding in any court of law or equity, arbitration tribunal, administrative forum, or other forum of any kind, asserting against any Released Parties any Released Claims, including, without limitation, instigating, voting in favor of or otherwise supporting the assertion of any claim seeking repurchase or substitution (or other contractual or "putback" rights) with respect to any residential mortgage loan included in any of the Offerings other than in an action filed prior to November 3, 2015 asserting such claims. Each Settlement Class Member is further forever barred and enjoined from now or at any time in the future acting in any way to secure or aid in the formation of a quorum of certificateholders relating to an action seeking any recovery with respect to the HEMT 2006-4, HEMT 2006-5, HEMT 2006-6, and/or HEMT 2007-2 Certificates, including, but not limited to, contributing or allocating their voting rights as purchasers or holders of the HEMT 2006-4, HEMT 2006-5, HEMT 2006-6, and/or HEMT 2007-2 Certificates to any effort or undertaking, whether individually or collectively with other holders of voting rights in the Certificates, requesting or pursuing the repurchase or substitution of mortgage loans in relation to the HEMT 2006-4, HEMT 2006-5, HEMT 2006-6, and/or HEMT 2007-2 Certificates, or indemnifying or otherwise providing funding or financial support to a trustee or anyone else acting on behalf of any residential mortgage-backed securities trusts that issued the HEMT 2006-4, HEMT 2006-5, HEMT 2006-6,

and/or HEMT 2007-2 Certificates. Entry of such a bar order by the Court is a material term of this Settlement. This release shall not preclude any Settlement Class Member from receiving distributions of any repurchase or substitution proceeds made to certificateholders in the ordinary course arising from claims filed prior to November 3, 2015, seeking repurchase or substitution of mortgage loans in relation to HEMT 2006-4, HEMT 2006-5, HEMT 2006-6, and/or HEMT 2007-2, under the contracts applicable to the particular transactions. Any Settlement Class Member entitled to such a distribution must offset the share of the repurchase or substitution proceeds to which it is entitled for value received by them pursuant to this Settlement.

11. Upon the Effective Date, the Released Parties shall be deemed to have, and by operation of this Order and Final Judgment shall have, fully, finally and forever waived, released, relinquished, discharged, and dismissed all claims arising out of, relating to, or in connection with the institution, prosecution, assertion, settlement or resolution of the Action or the Released Claims, with prejudice and on the merits, against each and all of the Lead Plaintiff, Settlement Class Members, and their respective counsel employees, successors and assigns.

12. The fact and terms of the Stipulation, including Exhibits thereto, this Order and Final Judgment, all negotiations, discussions, drafts and proceedings in connection with the Settlement, and any act performed or document signed in connection with the Settlement:

    a. shall not be offered or received against the Released Parties, Lead Plaintiff or the Settlement Class Members as evidence of, or construed as, or deemed to be evidence of, any presumption, concession or admission by any of the Released Parties or by Lead Plaintiff or the Settlement Class Members with respect to the truth of any fact alleged by Lead Plaintiff, or the validity, or lack thereof, of any claim, or the deficiency of any defense that was or could have been asserted in the Action or in any litigation, in this or any other court, administrative agency,

6

arbitration forum or other tribunal, or of any liability, negligence, fault or wrongdoing of the Released Parties, Lead Plaintiff or the Settlement Class Members;

      b.    shall not be offered or received against the Released Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Party, or against any Released Party, Lead Plaintiff or the Settlement Class Members as evidence of any infirmity in the claims or defenses that have been or could have been asserted in the Action;

      c.    shall not be offered or received against the Released Parties, Lead Plaintiff or the Settlement Class Members as evidence of a presumption, concession or admission with respect to any liability, negligence, fault or wrongdoing, or in any way referred to for any other reason as against any of the Released Parties, Lead Plaintiff or Settlement Class Members in any arbitration proceeding or other civil, criminal or administrative action or proceeding, other than in such proceedings as may be necessary to effectuate the provisions of the Stipulation; provided, however, that the Released Parties may refer to it to effectuate the liability protection granted them hereunder;

      d.    shall not be construed against the Released Parties, Lead Plaintiff or the Settlement Class Members as an admission, concession or presumption that the consideration to be given hereunder represents the amount which could be or would have been recovered after trial; and

      e.    shall not be construed as or received in evidence as an admission, concession or presumption against Lead Plaintiff or Settlement Class Members that any of their claims are without merit or that damages recoverable in the Action would not have exceeded the Settlement Fund.

7

13. The Released Parties may file the Stipulation and/or this Order and Final Judgment in any other action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, good faith settlement, judgment bar or reduction, or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim.

14. Without affecting the finality of this Order and Final Judgment in any way, this Court hereby retains continuing jurisdiction over: (a) implementation and enforcement of the Settlement; (b) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (c) disposition of the Settlement Fund; (d) enforcing and administering this Order and Final Judgment, (e) enforcing and administering the Stipulation, including any releases and bar orders executed in connection therewith; and (f) other matters related or ancillary to the foregoing.

15. Any plan of allocation submitted by Lead Counsel, or any order entered regarding the allowance or disallowance, in whole or in part, of any attorneys' fees and/or Litigation Expenses shall in no way disturb or affect this Order and Final Judgment and shall be considered separate from this Order and Final Judgment. The Released Parties have no responsibility for, and no liability with respect to (i) the investment or distribution of the Settlement Amount under any plan of allocation, or (ii) the attorneys' fees or Litigation Expenses that the Court may or may not award.

16. The Court finds that during the course of the Action, the Settling Parties and their respective counsel at all times complied with the requirements of Federal Rule of Civil Procedure 11.

17. The Escrow Account, into which Defendants have deposited the Settlement Amount, is approved as a Qualified Settlement Fund pursuant to Internal Revenue Code 468B and the Treasury Regulations promulgated thereunder.

18.     In the event that the Settlement does not become effective in accordance with the terms of the Stipulation or in the event that the Settlement Fund, or any portion thereof, is returned to Defendants or any of them who paid such Settlement Amount on behalf of Defendants, then this Order and Final Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation, and shall be vacated to the extent provided by the Stipulation and, in such event: (a) all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation; and (b) the fact of the Settlement shall not be admissible in any trial of the Action.

19.     Without further Order of the Court, the parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

Dated: New York, New York

_____May 10_____, 2016

_____
THE HONORABLE PAUL A. CROTTY
UNITED STATES DISTRICT JUDGE

# Exhibit 1

## Exhibit 1 – Exclusion Requests

| Exclusion # | Name |
|---|---|
| 1 | National Credit Union Administration Board, as Liquidating Agent for Southwest Corporate Federal Credit Union |
| 2 | CQS ABS Master Fund Limited |
| 3 | CQS Directional Opportunities Master Fund Limited |