UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



---

NEW JERSEY CARPENTERS HEALTH FUND,
*on Behalf of Itself and All Others Similarly Situated,*

      Plaintiff,

v.

DLJ MORTGAGE CAPITAL, INC., CREDIT SUISSE MANAGEMENT, LLC f/k/a CREDIT SUISSE FIRST BOSTON MORTGAGE SECURITIES CORPORATION, ANDREW A. KIMURA, THOMAS ZINGALLI, JEFFREY A. ALTABEF, MICHAEL A. MARRIOTT, EVELYN ECHEVARRIA and CREDIT SUISSE SECURITIES (USA), LLC,

      Defendants.

No.: 08-cv-5653-PAC

---

## [PROPOSED] SECOND CLASS DISTRIBUTION ORDER  *PAC*

New Jersey Carpenters Health Fund ("Lead Plaintiff"), has moved for entry of a Second Class Distribution Order in the above-captioned class action (the "Action"). The Court, having considered all materials and arguments submitted in support of the motion, including the Affidavit of Joel P. Laitman In Support of Lead Plaintiff's Notice of Motion for Entry of a Second Class Distribution Order and For Payment of Administration Fees; the Declaration of Alexander Villanova In Support of Lead Plaintiff's Notice of Motion for Entry of a Second Class Distribution Order and For Payment of Administration Fees (the "Villanova Declaration"), ORDERS AS FOLLOWS:

This Second Class Distribution Order incorporates by reference the definitions in the Stipulation and Agreement of Settlement (Dkt. No. 264) (the "Settlement"). All terms not otherwise defined shall have the same meaning as set forth in the Settlement or the Thurin Declaration.

This Court has jurisdiction over the subject matter of the Action and over all parties to the Action, including all Class Members.

Pursuant to the Court's December 15, 2016, Class Distribution Order ("Distribution Order"), Dkt. No. 283, as set forth in the Villanova Declaration, the Claims Administrator has determined that additional distributions to Authorized Claimants from the funds remaining after the initial distribution would be cost effective, therefore, Lead Counsel will cause the Claims Administrator to distribute the remaining balance among Authorized Claimants, up to and until the balance remaining in the Net Settlement Fund is such that no further distributions would be cost-effective. Any distributions shall be conducted in accordance with the terms and conditions outlined in the Thurin Declaration.

If there are residual funds remaining in the Net Settlement Fund, and the Claims Administrator determines that no additional distributions are cost-effective, then the funds will be donated to a non-sectarian charitable organization certified as tax-exempt under the U.S. Internal Revenue Code § 501(c)(3), to be designated by Lead Counsel.

Epiq shall be paid the sum of $25,665 from the Settlement Fund and the interest accrued thereon for the balance of its fees and expenses incurred and to be incurred in connection with the services performed and to be performed in administering and distributing the second distribution from the Settlement Fund.

Epiq shall be paid the sum of $11,628.08 for services provided in connection with the completion of the initial distribution.

IT IS SO ORDERED.

Dated: ~~August~~ Sept 4, 2018

_____
Honorable Paul A. Crotty
United States District Judge